## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NASHID J. SALAAM, an individual<br><br>   Plaintiff,<br><br>v.<br><br>MARTY SMALL, SR., in his official capacity as Mayor of Atlantic City,<br><br>CITY OF ATLANTIC CITY, a governmental entity,<br><br>ALEXIS WAITERS, in her official capacity as Director of Human Resources of Atlantic City,<br><br>MARCUS KING, in his official capacity as a President of the Teamsters Local 331 Union, and<br><br>   Defendants. | Civil Action No.: _____<br><br><br>**VERIFIED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Nashid J. Salaam, by and through his attorney Soleiman Raie, Esquire, bring this action

for damages and other legal and equitable relief against Defendants Marty Small, Sr. in his official

capacity as Mayor of Atlantic City, Alexis Waiters in his official capacity as Director of Human

Resources of Atlantic City, Marcus King, in his official capacity as President of the Teamsters

Local 331 Union, and the City of Atlantic City, alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

Nashid J. Salaam
35 S. Virginia Avenue, Apt. 519
Atlantic City, NJ 08401

Marty Small, Sr.
Office of the Mayor
1301 Bacharach Boulevard
Atlantic City, New Jersey 08401

City of Atlantic City
1301 Bacharach Boulevard
Atlantic City, New Jersey 08401

Alexis Waiters, HR Director
Human Resources Department
1301 Bacharach Boulevard
Atlantic City, New Jersey 08401

Marcus King, President
1 Philadelphia Avenue
Egg Harbor City, New Jersey 08215

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff brings this action to redress the deprivation of Plaintiff's constitutional rights under the First and Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, 1985, and 1988, which provide for attorneys' fees in civil rights claims.

3.      This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

4.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1) & (b)(2), as all Defendants reside in this district and the events giving rise to the claims occurred in this district.

## PARTIES

5.      At all times relevant hereto, Plaintiff Nashid Salaam, is an adult resident citizen of the County of Atlantic, State of New Jersey.

6.      At all times relevant hereto, Defendant Marty Small, Sr. ("Mayor Small"), is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the current Mayor of Atlantic City, New Jersey. At all times relevant hereto, Mayor Small acted under color of state law and in his official capacity.

7.      At all times relevant hereto, Defendant City of Atlantic City (the "City") is a governmental entity, specifically, a municipal corporation under N.J.S.A. § 40:42-1, and a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

8.      At all times relevant hereto, Defendant Alexis Waiters ("Waiters") is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the current Director of Human

Resources of Atlantic City. At all times relevant hereto, Defendant Waiters acted under color of state law and in her official capacity.

9.      At all times relevant hereto, Defendant Marcus King ("King"), is an adult resident citizen of the County of Atlantic, State of New Jersey, and is the current President of the International Brotherhood of Teamsters Local 331 Union.

## APPLICABLE LAW AND POLICY

10.     N.J.S.A. § 34:19-10 of the New Jersey Worker Freedom from Employer Intimidation Act, provides in relevant part:

> No employer or employer's agent, representative or designee may, except as provided in section 3 of this act, require its employees to attend an employer-sponsored meeting or participate in any communications with the employer or its agents or representatives, the purpose of which is to communicate the employer's opinion about religious or political matters.

11.     Further, N.J.S.A. § 34:19-13 of the New Jersey Worker Freedom from Employer Intimidation Act, provides in relevant part:

> Any aggrieved employee may enforce the provisions of this act by means of a civil action brought no later than ninety days after the date of the alleged violation in a court of competent jurisdiction. The court shall award a prevailing employee all appropriate relief, including any of the following which are applicable to the violation:
>
> a.  A restraining order against any continuing violation;
>
> b.  The reinstatement of the employee to the employee's former position or an equivalent position and the reestablishment of any employee benefits and seniority rights;
>
> c.  The payment of any lost wages, benefits or other remuneration; and
>
> d.  The payment of reasonable attorneys' fees and costs of the action.

## GENERAL FACTUAL ALLEGATIONS

### Plaintiff's Employment within Atlantic City

12.     Plaintiff Nashid Salaam is a public employee for Defendant City of Atlantic City, and has been so since approximately June of 2013, working as a Laborer for the City's Public Works Department.

13.     Over the years, Plaintiff's job responsibilities have included providing security at Bader Field, serving as attendant on the Atlantic City Boardwalk, and most recently, assisting in facilitating events at the All Wars Memorial Building, or "Old Soldier's Home" as it is known, on Adriatic Avenue.

14.     Plaintiff has performed his job responsibilities without incident until August 7, 2019, when Plaintiff suffered a compensable accident arising out of and during the course of his employment with the City.

15.     Specifically, Plaintiff sustained lumbar spine and left elbow injuries as a result of the work-related accident, requiring physical therapy.

16.     In connection with said accident, Plaintiff filed a Workers' Compensation matter with the Department of Labor and Workforce Development bearing Case No.: 2019-24160. The matter was subsequently settled with the City on or about December 15, 2020.

17.     Upon completion of Plaintiff's physical therapy, Plaintiff underwent a Functional Capacity Examination (CFE) on December 18, 2019, which indicated at the time that Plaintiff was capable of work of a medium Physical Demand Level (PDL) with lifting of no more than fifty (50) pounds.

18.     On or about January 2, 2020, Defendant City of Atlantic City, received medical documentation from Dr. William Mitchell, with whom Plaintiff had treated, indicating that Plaintiff had reached his Maximum Medical Improvement (MMI).

19.     On or about February 9, 2021, Plaintiff received notification from Defendant Alexis Waiters recommending Plaintiff's termination for his purported inability to perform the duties of his job given his physical limitations in light of having reached Maximum Medical Improvement.

20.     Faced with the prospect of termination, on or about February 24, 2021, Plaintiff elected to undergo a second Functional Capacity Examination, this time from the Bacharach Institute for Rehabilitation.

21.     Plaintiff demonstrated marked improvement during this second Functional Capacity Examination and was deemed capable of performing work of a <u>medium plus</u> Physical Demand Level.

22.     Despite providing the documentation from this improved Functional Capacity Examination to the City, the City has disregarded its findings and has thus far refused to allow Plaintiff to return to work.

23.     This is despite assurances from Defendant Waiters, Director of Human Resources, that the City is actively working to accommodate Plaintiff by finding him a position commensurate with his physical capabilities as articulated in the first FCE.

24.     Even so, to date, now almost two years from Plaintiff's accident, the City has not permitted Plaintiff to return to work.

### The Political Motivation Behind the City's Actions

25.     The City's refusal, thus far, to allow Plaintiff to return to work, despite assurances of accommodation and an alternate position commensurate with Plaintiff's physical capabilities, is entirely politically motivated, and the direct result of interference by Defendant Marty Small, Sr., Mayor of Atlantic City.

26.     There is a contentious history between Mayor Small and Plaintiff stemming from Mayor Small's political activities in 2019 and 2020.

27.     Following the resignation of former Atlantic City Mayor Frank Gilliam, the City Council of Atlantic City voted to appoint Defendant Small as Mayor.

28.     In 2019 and again in 2020, Mayor Small asked for Plaintiff's help with his campaigning efforts for re-election, such as drumming up support in the hopes of garnering votes.

29.     Small asked Plaintiff specifically because he was aware of Plaintiff's history with local political influencer Craig Callaway.

30.     Craig Callaway is a renowned political organizer within Atlantic City and the greater South Jersey area more broadly, with the power to stir great political movement within Atlantic City communities.

31.     Callaway is also a lifelong friend of Plaintiff, and Plaintiff has assisted Callaway in various political efforts over the years.

32.     As a result, Mayor Small sought to take advantage of the political knowledge and resources Plaintiff had gained through his experience with Callaway to bolster his campaigning efforts within Atlantic City communities.

33.     However, as Plaintiff did not support Mayor Small politically, and viewed him as "shady" in light of some of his past political dealings, Plaintiff refused Mayor Small's requests for campaigning assistance in both 2019 and 2020.

34.     These refusals put Plaintiff on Mayor Small's list of disfavored individuals.

35.     In the summer of 2020, however, Mayor Small was caused to hold even more retaliatory ire for Plaintiff, when Plaintiff was spotted by Floyd Tally, a longtime friend and political operative

of Mayor Small, walking down Maryland Avenue with Craig Callaway and Pamela Thomas-Fields, the challenger against whom Mayor Small was running for reelection.

36.    Ironically, Plaintiff was not even a supporter of Pamela Thomas-Fields, necessarily; rather, he had been asked to provide security to Thomas-Fields and her female staffers by Craig Callaway as they went door-to-door campaigning in what could be considered a somewhat dangerous neighborhood for unaccompanied women, and as a favor to Callaway, Plaintiff agreed.

37.    Unfortunately, upon Floyd Tally spotting Plaintiff with Callaway and Thomas-Fields, Tally reported his observations back to Mayor Small.

38.    Plaintiff is convinced that as a result of his two refusals to assist with Mayor Small's campaign and this subsequent event with Craig Callaway and Pamela Thomas-Fields, Defendant Marty Small, Sr. has done everything in his power as Mayor to keep Plaintiff from getting his job back.

39.    Small's efforts to blackball Plaintiff include influencing and instructing employees within the Atlantic City Department of Human Resources, including Defendant Alexis Waiters, to refrain from finding Plaintiff an alternate job position, and even influencing Defendant Marcus King, President of the local Teamsters Union and Plaintiff's own union representative from pursuing action to aide in Plaintiff getting back to work.

40.    It is not simply conjecture or some fanciful conspiracy theory by a disgruntled former employee that Mayor Small is directly responsible for keeping Plaintiff from being permitted to return to work.

41.    Rather, Plaintiff has been told as much from employees within the Atlantic City city government, that Mayor Small has essentially issued a discrete mandate to high-level Human

Resources employees, including Defendant Alexis Waiters, to "Keep him out," meaning, the Plaintiff.

42.     Plaintiff avers that he possessed text messages from employees within the Atlantic City city government confirming that this is the case; that the City's refusal to allow Plaintiff back to work is entirely politically motivated on direct order from Mayor Small himself.

43.     Unfortunately, Plaintiff has since changed cell phone service providers, and thus, he has lost these text messages as a result of the switch.

44.     Nonetheless, Plaintiff and Plaintiff's counsel have been in contact with the cellular service provider and are working to regain possession of these text messages; however, in the event this effort is unsuccessful, Plaintiff's counsel is prepared to provide these employees as fact witnesses.

45.     In all, it is clear that but-for Plaintiff having exerted his political will by refusing to support and aide Defendant Marty Small, Sr. in his bid for reelection as Mayor of Atlantic City, and but-for Plaintiff further expressing his political opinion by assisting Small's opponent Pamela Thomas-Fields with her campaign, Plaintiff would already be back at work.

46.     Further, it is clear that but-for Plaintiff's exercising of his constitutionally-protected right to free political expression, Mayor Small would have had no reason to retaliate against Plaintiff by exert his corrupting influence over the City employees within his purview, the very same City employees who hold Plaintiff's career, and thus, his livelihood in their hands.

## COUNT I
## 42 U.S.C. § 1983
## FIRST AMENDMENT VIOLATIONS
## AS TO DEFENDANTS MARTY SMALL, SR.,
## ALEXIS WAITERS, AND CITY OF ATLANTIC CITY

47.     Plaintiff realleges and incorporates by references paragraphs 1 through 46 above, as if fully stated herein.

48.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff had the right as a citizen of the United States to equal protection under the law, this includes his rights to free speech and free assembly under the First Amendment.

49.     It is well settled law that political speech in particular is the most protected form of speech under the First Amendment.

50.     Defendants have violated Plaintiff's constitutionally-protected rights, and thus, have violated 42 U.S.C. § 1983, in that Defendants, while acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution, particularly, his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

51.     Specifically, Defendants intentionally, purposefully, and willfully have deprived Plaintiff of continued employment in direct retaliation for Plaintiff exercising his First Amendment right to free speech as manifested in Plaintiff's political expression, as well as his First Amendment right to freely assembly with individuals holding competing political views than those held by the prevailing political regime, that of Mayor Marty Small, Sr.

52.     Defendant's actions, under color of State law, were specifically intended to penalize and retaliate against Plaintiff for his exercise of fundamental First Amendment rights.

**COUNT II**
*MONELL* **CLAIM – MUNICIPAL LIABILITY**
**FOR UNCONSTITUTIONAL CUSTOM OR POLICY**
**AS TO DEFENDANT CITY OF ATLANTIC CITY**

53.     Plaintiff realleges and incorporates by references paragraphs 1 through 52 above, as if fully stated herein.

54.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff had the right as a citizen of the United States to equal protection under the law, this includes his rights to free speech and free assembly under the First Amendment.

55.     Defendant City of Atlantic City, and its managerial employees, agents, and representatives, including Mayor Marty Small, Sr., and particularly within the Atlantic City Department of Human Resources, including Defendant Alexis Waiters, have acted with reckless and deliberate indifference to the rights and liberties of Plaintiff, and have purposefully, intentionally, willfully, and knowingly maintained, enforced, and applied an unconstitutional custom, policy, and/or practice of taking adverse employment actions against Atlantic City public employees who hold political opinions or demonstrate political expression inconsistent with or contrary to the political will of Mayor Marty Small, Sr.

56.     This policy of taking adverse employment action against City employees who are disfavored by Mayor Small for their political ideology or past political expression is known to employees within the Atlantic City city government, and has, unfortunately, affected numerous City employees, including in this instance, Plaintiff.

57.     By reason of the aforementioned unconstitutional policies and practices of Defendant City of Atlantic City, Plaintiff was deprived of his constitutional right to equal protection of law and his right to hold employment without being subject to infringement of his First Amendment rights

to free speech and free assembly, and further, if such an unconstitutional policy were permitted to continue, Defendant will similarly deprive other City employees their constitutional rights as well.

**COUNT III**
**§ 1983 VIOLATION**
**_MONELL_ CLAIM – MUNICIPAL LIABILITY**
**FAILURE TO TRAIN AND SUPERVISE**
**AS TO DEFENDANT CITY OF ATLANTIC CITY**

58.      Plaintiff realleges and incorporates by references paragraphs 1 through 71 above, as if fully stated herein.

59.      Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff had the right as a citizen of the United States to equal protection under the law, this includes his rights to free speech and free assembly under the First Amendment.

60.      Defendant City of Atlantic City, and its managerial employees, agents, and representatives, including Mayor Marty Small, Sr., and particularly within the Atlantic City Department of Human Resources, including Defendant Alexis Waiters, have failed to adequately and sufficiently train City employees within the Department of Human Resources such that they could not abuse their authority and abide by an unconstitutional policy of taking politically retaliatory adverse employment actions against City employees who hold political opinions or demonstrate political expression inconsistent with or contrary to the political will of Mayor Marty Small, Sr.

61.      This failure amounts to deliberate indifference by Defendant City of Atlantic City to the rights of these City employees, including in this instance, Plaintiff.

62.      This failure by Defendant City of Atlantic City, and its managerial employees, agents, and representatives, including Mayor Marty Small, Sr., and particularly within the Atlantic City Department of Human Resources, including Defendant Alexis Waiters, to adequately and sufficiently train and supervise City employees within the Department of Human Resources,

resulted in the deprivation of Plaintiff's constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

### COUNT IV
### § 1985(3) VIOLATION
### CIVIL CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### AS TO DEFENDANTS MARTY SMALL, SR. AND ALEXIS WAITERS

63.     Plaintiff realleges and incorporates by references paragraphs 1 through 62 above, as if fully stated herein.

64.     Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff had the right as a citizen of the United States to equal protection under the law, this includes his rights to free speech and free assembly under the First Amendment.

65.     Defendants Marty Small, Sr. and Alexis Waiters have conspired for the benefit of Defendant Marty Small, Sr.

66.     Specifically, the conspiracy served the purpose of depriving Plaintiff of his constitutional right to equal protection of law and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

67.     Despite assurances from Defendant Waiters and other high-level employees within the Atlantic City Department of Human Resources that the City was actively looking for alternative job positions for Plaintiff, Defendant has acted in furtherance of the conspiracy between Defendant Small and herself, by purposefully and intentionally refusing to permit Plaintiff to return to work as politically-motived retaliation authorized by Defendant Small himself for Plaintiff's having exercised his right to free political expression and free assembly.

68.    The existence of this conspiracy is well known by City employees and was previously confirmed in text messages from same that were, but unfortunately no longer are, in Plaintiff's possession.

69.    As a result of the ongoing conspiracy between Defendants Marty Small, Sr. and Alexis Waiters, and as a further result of Defendant Waiter's continued adverse employment action against Plaintiff in furtherance of said conspiracy, Plaintiff was deprived of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

## COUNT V
## GROSS NEGLIGENCE
## AS TO ALL DEFENDANTS

70.    Plaintiff realleges and incorporates by references paragraphs 1 through 69 above, as if fully stated herein.

71.    Defendants City of Atlantic City, Marty Small, Sr., and Alexis Waiters, are all engaged in the exercise and discharge of certain governmental functions, namely, the management and operations of the Atlantic City city government.

72.    Defendant Marcus King is engaged in the exercise and discharge of certain union functions, namely serving as President of the Teamsters Local 331 Union and thus, serving as Plaintiff's union representative with respect to labor disputes with the City.

73.    The conduct of all Defendants, while in their performance of said duties, amounted to gross negligence through the wanton and reckless disregard by all Defendants of the risk to Plaintiff of infringement of his constitutionally-protected rights by said conduct.

74.    Specifically, Defendants City of Atlantic City, Marty Small, Sr., and Alexis Waiters, had a duty to perform their employment activities so as to ensure that the continued employment of

City employees is not contingent on 1) their holding certain political views, 2) refraining from freely expressing their political views, or 3) refraining from freely assembling with individuals whose political views are inconsistent or contrary to the political will of Mayor Marty Small, Sr.

75.     Further, these Defendants had a duty to refrain from taking politically motived adverse employment action against the City employees under their purview, so as to not purposefully or intentionally endanger, prejudice, or curtail the civil rights of these City employees.

76.     Defendants City of Atlantic City, Marty Small, Sr., and Alexis Waiters have breached these duties with respect to Plaintiff, having taken politically motivated adverse employment action against Plaintiff that has deprived Plaintiff of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

77.     Further, with respect to Defendant Marcus King, Defendant King, as Plaintiff's union representative, had a fiduciary duty to faithfully execute the responsibilities of his position and zealously advocate for Plaintiff with respect to labor disputes that should arise in the course of Plaintiff's employment with the City.

78.     Defendant King has breached this duty with respect to Plaintiff as Defendant King – due to the influence and direction of Defendant Marty Small, Sr., with whom King is a personal acquaintance – has willfully and purposefully chosen to not aide Plaintiff in his present labor dispute, thus abdicating the very union responsibilities he is intended to perform.

79.     Notwithstanding their respective duties, all Defendants have breached those duties in a grossly negligent manner with deliberate and callous indifference to the consequences for Plaintiff.

80.     Plaintiff, as a City employee, was an individual whom all Defendants knew or should have known, faced a probability of adverse employment action for political expression inconsistent or

contrary to the will of Mayor Marty Small, Sr., and thus, a probability of having his constitutional rights infringed thereby.

81.     As a direct and proximate result of the indifferent and grossly negligent acts and/or omissions of all Defendants, Plaintiff was caused to suffer a deprivation of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

**COUNT VI**
**NEGLIGENCE**
**AS TO ALL DEFENDANTS**

82.     Plaintiff realleges and incorporates by references paragraphs 1 through 81 above, as if fully stated herein.

83.     All Defendants owed Plaintiff a duty of care.

84.     Through the actions and/or omissions of all Defendants as previously complained of herein, all Defendants have breached the duty of care they owed Plaintiff by, among other things, failing to discharge their respective governmental functions (in the case of Defendants City of Atlantic City, Marty Small, Sr., and Alexis Waiters) or union functions (in the case of Defendant Marcus King) with reasonable prudence and care.

85.     As a direct and proximate result of the acts and/or omissions of all Defendants in the discharge of their respective duties, Plaintiff was caused to suffer a deprivation of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

## COUNT VII
## VIOLATION OF
## NEW JERSEY WORKER FREEDOM FROM EMPLOYER INTIMIDATION ACT,
## N.J.S.A. § 34:19-9 *et seq.*
## AS TO DEFENDANTS CITY OF ATLANTIC CITY AND MARTY SMALL, SR.

86.     Plaintiff realleges and incorporates by references paragraphs 1 through 85 above, as if fully stated herein.

87.     "Employer" is defined by N.J.S.A. § 34:19-9, as "a person engaged in business who has employees, including the State and any political subdivision or other instrumentality of the State."

88.     Further, N.J.S.A. § 34:19-10 of the New Jersey Worker Freedom from Employer Intimidation Act, provides in relevant part:

> No employer or employer's agent, representative or designee may, except as provided in section 3 of this act, require its employees to attend an employer-sponsored meeting or participate in any communications with the employer or its agents or representatives, the purpose of which is to communicate the employer's opinion about religious or political matters.

89.     Although Defendant City of Atlantic City is Plaintiff's true employer, as Mayor of Atlantic City, Defendant Marty Small, Sr. is the City's chief executive, and thus, has the power to hire and fire City employees, including the Plaintiff.

90.     Effectively, Mayor Marty Small, Sr., is also Plaintiff's employer, or at the very least, a representative of Plaintiff's employer, the City of Atlantic City, within the definition of "Employer" under N.J.S.A. § 34:19-9.

91.     Mayor Small, as a condition of Plaintiff's continued employment, required Plaintiff to participate in communications the purpose of which were to communicate Mayor Small's opinion about "political matters" within the definition of same under N.J.S.A. § 34:19-9.

92.    Specifically, in 2019 and 2020, Mayor Small required Plaintiff to assist him with his reelection campaign as a condition of Plaintiff's continued employment, although this conditionality was unknown to Plaintiff at the time.

93.    As Plaintiff did not realize his continued employment was conditioned upon his required participation in Mayor Small's political matters, Plaintiff declined to participate.

94.    Consequently, Defendant City of Atlantic City, took adverse employment action against Plaintiff, authorized by Mayor Small, and specifically motivated by Plaintiff's refusal to participate in the communications with Mayor Small as to his opinion on political matters.

95.    These required communications did not fall within those permitted communications under N.J.S.A. § 34:19-11, as they were not communications required by law and Plaintiff was under no legal obligation to participate in Mayor Small's communications about political matters.

96.    Thus, Plaintiff was aggrieved by Mayor Small's requiring of Plaintiff's participation in such communications as a condition of Plaintiff's continued employment, and in fact, through Plaintiff's refusal to participate, Plaintiff's continued employment was suspended.

## COUNT VIII
## COMMON LAW CIVIL CONSPIRACY
### AS TO DEFENDANTS MARTY SMALL, SR. AND ALEXIS WAITERS

97.    Plaintiff realleges and incorporates by references paragraphs 1 through 96 above, as if fully stated herein.

98.    Defendants Marty Small, Sr. and Alexis Waiters, as the Director of Human Resources within Atlantic City city government, acted in concert to deprive Plaintiff of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

99.     Specifically, Defendant Small issued a discrete mandate to Defendant Waiters that she refuse to permit Plaintiff to return to work, specifically as retaliation for Plaintiff's refusal to aide in Defendant Small's reelection campaign and for Plaintiff's assistance to Pamela Thomas-Fields, Defendant Small's political opponent, both constitutionally protected activities under the First Amendment.

100.    Defendant Alexis Waiters acted in furtherance of the conspiracy to by complying with Defendant Small's mandate, and refusing to allow Plaintiff to return to work.

101.    This refusal by Defendant Waiters evidenced a tacit agreement between Defendant Marty Small, Sr. and himself to act in concert to violate the civil rights of Plaintiff.

102.    As a direct and proximate result of the conspiracy then existing between Defendant Marty Small, Sr. and Defendant Alexis Waiters, Plaintiff was caused to suffer a deprivation of his constitutional right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

**COUNT IX**
**VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A 10:6-2(c)**
**AS TO DEFENDANTS MARTY SMALL, SR. AND ALEXIS WAITERS**

103.    Plaintiff realleges and incorporates by references paragraphs 1 through 102 above, as if fully stated herein.

104.    N.J.S.A. § 10:6-2(c), states, in pertinent part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

105. Defendants have violated Plaintiff's constitutionally-protected rights in that Defendants, while acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution, particularly, his right to equal protection of law, and his right to hold employment without being subject to infringement of his First Amendment rights to free speech and free assembly.

106. Plaintiff's rights under the First and Fourteenth Amendments are rights, privileges, or immunities within the meaning of N.J.S.A. § 10:6-2(c), and as a direct and proximate result of the unlawful conduct of the Defendants named in this Count, Plaintiff was deprived of his free exercise and enjoyment of same.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nashid Salaam, prays for relief as to all counts as follows:

1) For judgement against the Defendants jointly, severally, and alternatively, for general, compensatory, punitive, and exemplary damages, with interest;

2) Damages pursuant to N.J.S.A. § 10:6-2(e);

3) Relief pursuant to N.J.S.A. § 34:19-13, including:

    a. A restraining order against any continuing violation, pursuant to N.J.S.A. § 34:19-13(a);

    b. Reinstatement to Plaintiff's former position or an equivalent position and the reestablishment of any employee benefits and seniority rights, pursuant to N.J.S.A. § 34:19-13(b);

    c. The payment of any lost wages, benefits or other remuneration, pursuant to N.J.S.A. § 34:19-13(c); and

    d.  The payment of reasonable attorney's fees and costs of suit, pursuant to

        N.J.S.A. § 34:19-13(d);

4)  Alternatively to the relief requested pursuant to N.J.S.A. § 34:19-13(d), reasonable

    attorney's fees and costs of suit pursuant to 42 U.S.C. 1988; and

5)  For such other further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Nashid J. Salaam demands a trial by jury on all issues so triable, pursuant to

Rule 38(b) of the Federal Rules of Civil Procedure.


Dated: June 3, 2021


                              _____

                              Soleiman Raie, Esquire
                              P.O. Box 70
                              Haddonfield, New Jersey 08033
                              NJ State Bar No. 01857-2006
                              Raie.esq@gmail.com

DocuSign Envelope ID: 842FDDA0-0F8C-4A09-BD77-3331168F3D8A

## VERIFICATION

I, Nashid J. Salaam, Plaintiff in the herein matter, hereby verify that I have reviewed the foregoing Verified Complaint and aver under penalty of perjury pursuant to 28 U.S.C. § 1746 relating to unsworn falsification to authorities that the facts set forth herein are true and correct to the best of my knowledge.

Dated: June 3, 2021

NASHID J. SALAAM
Plaintiff