**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

October 31, 2022

**VIA CM/ECF**

Terrell A. Ratliff
Samuel Jackson
LENTO LAW GROUP, P.C.
New Jersey
3000 Atrium Way
Suite 200
Mt. Laurel, NJ 08054

Soleiman Khalil Raie
O'BRIEN, BELLAND & BUSHINSKY LLC
1526 Berlin Rd.
Cherry Hill, NJ 08003

Tracy Riley
LAW OFFICES OF RILEY & RILEY
Executive Court
2 Eves Drive
Suite 109
Marlton, NJ 08053

**LETTER OPINION**

  Re: **Nashid J. Salaam v. Marty Small, Sr.,** *et al.*
     **Civil Action No. 21-12191**

Dear Counsel:

  This matter comes before the Court on a Motion to Dismiss by Defendants Marty Small, Sr., City of Atlantic City, and Alexis Waiters (collectively "Defendants"), (ECF No. 25), seeking the dismissal of Counts III and IV of Plaintiffs' Second Amended Complaint ("SAC"). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motion is **GRANTED**.

## I. Factual Background and Procedural History

The Court relies on and incorporates by reference the factual background and procedural history set forth in its prior decision in this matter, (ECF No. 22). On February 25, 2022, this Court granted Defendants' previous Motion to Dismiss, dismissing Counts IV, V, VI, and VII with prejudice, and Counts III, VII, and VIII without prejudice. (Opinion, ECF No. 22). Plaintiff filed a Second Amended Complaint ("SAC") as to all Defendants on March 25, 2022. (ECF No. 24). Defendants thereafter again moved to dismiss Counts III and IV of the SAC in the Motion now before the Court. (Motion to Dismiss SAC, ECF No. 25-1 at 5).

## II. Legal Standard

The Court relies on and incorporates by reference the extended legal standard set forth in its prior decision in this matter, (ECF No. 22). In short, when considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pled allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).

## III. Discussion

Defendants argue that factual allegations in Counts III and IV in Plaintiff's SAC fail to remedy the deficiencies identified by this Court's prior Opinion which led to dismissal and thus they should again be dismissed. For the following reasons, the Court agrees and grants Defendants' Motion to Dismiss.

### A. *Monell* Claim (Count III)

This Court dismissed Plaintiff's *Monell* claim without prejudice for failure to properly allege (1) pattern of abuse and (2) that the Defendants were aware the alleged violations. (Opinion, ECF No. 22 at 9, 11–12); *see Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 410 (1997) (to rise to the level of deliberate indifference a plaintiff must show "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."). Plaintiff identifies three new paragraphs added to the SAC that, he alleges, cure the deficiencies:

> 69. One example of this pattern of politically motivated constitutional violations by Defendants, resulting from a failure of training was the matter of *Callaway v. Small* (Doc. No.: 1:21-cv-12058). In that case, the plaintiff alleged that the City of Atlantic City failed to properly train its employees to resist corrupt political directives, and that the City's failure to train directly resulted in a constitutional violation taking place.

> 70. This is proof not only that there was a pattern of such violations, but also that the Defendants were aware of the pattern, as the case Callaway case [sic] and others like it put the Defendants on notice of the inadequacy of their training on this issue. In other words, the Calloway case and others like it are proof that Defendants knew this was an ongoing problem caused by a failure to train employees to resist corrupt orders (and not merely a problem isolated to and caused by Mayor Small), that they would encounter again, yet to date, they have not addressed it.
>
> 71. This pattern of violations overcomes any presumption that City employees will abide by their oaths and follow the law when facing these issues, because the facts show that they do not.

(Pla. Br., ECF No. 28 at 1; SAC, ECF No. 24).

The *Calloway* case is not sufficient to show a pattern of violations or notice. *Calloway* makes no mention of unlawful directives to hire or fire certain employees nor is it even an employment case—the case arises out of a "screaming match between [the plaintiff] and his political rival, [Defendant Small] on the streets of Atlantic City." *Callaway v. Small*, No. 21-12058, 2022 WL 970214, at *1 (D.N.J. Mar. 31, 2022). The plaintiff in *Calloway* alleged that Atlantic City enabled the violation of his constitutional rights by failing to train its officers, specifically pointing to one officer at the scene of the screaming match who "purposefully and intentionally refuse[d] to enforce the law when a public official, [Mayor Small], violate[d] the constitutional rights of members of the public." (*Calloway*, 21-12058 Second Amended Complaint, ECF No 25 ¶ 66(a)). This Court does not see how such factual allegations support Plaintiff's claim. The failure to train in *Calloway* involved security personnel, not Human Resources, and threats of violence, not a failure to rehire. Thus, Plaintiff has again failed to plead a pattern of violations to support his *Monell* claim.

Further, since the *Calloway* case was factually distinct, being served with the *Calloway* complaint could in no way have put Defendants on notice of a deficiency in training that led to the violations alleged in this case. In short, Plaintiff has failed to cure either deficiency in his *Monell* claim and, therefore, the Court will dismiss Count III of the SAC.

### B. Civil Conspiracy (Count IV)

This Court dismissed Plaintiff's Civil Conspiracy claim without prejudice for failure to properly plead "that Defendant Waiters understood, accepted, or agreed with the objective behind the directive not to reinstate Plaintiff." (Opinion, ECF No. 22); *see Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 241 (2005) (the three elements of civil conspiracy are: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; and (3) existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means."). Plaintiff identifies the following paragraphs—some newly added to the SAC—that, he alleges, cure the deficiencies:

3

> 75. Specifically, Ms. Walters knew the purpose of the conspiracy and agreed to go along with it.
>
> 76. Ms. Walters carried out Mr. Smalls' orders knowing that it was politically motivated.
>
> 77. Ms. Walters knew, understood and agreed with the objective behind Mr. Small's directive not to hire Plaintiff.
>
> 78. Defendant Alexis Waiters acted in furtherance of the conspiracy to [sic] by complying with Defendant Small's mandate, and refusing to allow Plaintiff to return to work.
>
> 79. This refusal by Defendant Waiters evidenced a tacit agreement between Defendant Marty Small, Sr. and himself to act in concert to violate the civil rights of Plaintiff.

(Pla. Br., ECF No. 28 at 6; SAC, ECF No. 24).

While Plaintiff has alleged the required elements of civil conspiracy he has done so in conclusory fashion with absolutely no factual support. "[A] formulaic recitation of a cause of action's elements" is not sufficient to survive a Rule 12(b)(6) attack. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "While 'pure speculation' is of course insufficient, 'circumstantial evidence will suffice' to find the existence of a civil conspiracy." *Adkins v. Sogliuzzo*, No. 09-1123, 2013 WL 5468970, at *16 (D.N.J. Sept. 30, 2013) (quoting *Board of Ed. of City of Asbury Park v. Hoek,* 38 N.J. 21, 238 (1962)). The Court finds Plaintiff's new allegations to be mere recitations of the legal elements of civil conspiracy based on pure speculation and, thus, insufficient to prevail at this preliminary stage. *See W.H. v. R.C.*, No. 19-13538, 2020 WL 1041390, at *10 (D.N.J. Mar. 4, 2020) (dismissing civil conspiracy claim where "[t]he Complaint is completely absent any facts supporting Plaintiff's allegations that the Moving Defendants and their associates entered into "an agreement" to cover up sexual abuse"); *A.C. v. Dwight-Englewood Sch.*, No. 21-6376, 2022 WL 1184799, at *6 (D.N.J. Apr. 21, 2022) (dismissing civil conspiracy claim where "Plaintiff alleges in a conclusory manner that the School and Brisk, 'through the agreement of themselves and their principals, agents, officers, management, staff, and others under their control conspired and concerted among themselves to permit Van Amburg's misconduct continue.'"). This Court will therefore dismiss Count IV of Plaintiff's SAC.

*******

Federal Rule of Civil Proceedure 15(a) requires that leave to amend "shall be freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, where "plaintiff had already amended plaintiff's complaint and yet failed to allege sufficient facts, the courts may find that '[t]hree bites at the apple is enough,' and conclude that it is proper to deny

4

leave to replead." *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 379 (D.N.J. 2007) (citing *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997)).

Because Plaintiff was given an opportunity to cure the deficiencies in his Complaint but failed to do so, this Court believes that amendment would be futile and dismisses Count III and IV with prejudice.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, (ECF No. 25), is **GRANTED**, and Counts III and IV are **DISMISSED with prejudice**. An appropriate Order will be entered.

*(signature)*
**CHRISTINE P. O'HEARN**
**United States District Judge**