[ECF No. 46]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

**NASHID J. SALAAM,**

    **Plaintiff,**

  v.            **Case No. 21-12191 (CPO/EAP)**

**MARTY SMALL, SR., et al.,**

    **Defendants.**

### OPINION AND ORDER

This matter comes before the Court by way of Plaintiff's Motion to Amend the Complaint. ECF No. 46 ("Pl.'s Motion"). Defendants oppose the motion. ECF No. 47 ("Defs.' Opp."). Plaintiff filed a reply brief in support of his motion. ECF No. 48 ("Pl.'s Reply"). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Nashid J. Salaam filed this action against his employer, the City of Atlantic City ("City"), as well as four City employees in their official capacities, alleging a host of civil rights violations arising out of his employment. *See* ECF No. 24 ("Sec. Am. Compl.").

Beginning in 2013, Plaintiff worked as a laborer for the City's Public Works Department. *Id*. ¶ 10. His job responsibilities included providing security at Bader Field, serving as an attendant on the Atlantic City Boardwalk, and assisting at events at the All Wars Memorial Building. *Id*. ¶

11.  The events giving rise to this action occurred during Plaintiff's employment with the City, between 2019 and 2021.  *Id*. ¶¶ 12-21.

On August 7, 2019, Plaintiff suffered a work-related injury, sustaining lumbar spine and left elbow injuries, which required physical therapy.  *Id*. ¶¶ 12-13.  Plaintiff filed a workers' compensation claim with the New Jersey Department of Labor and Workforce Development, which was settled in 2020.  *Id*. ¶ 14.

Upon completion of physical therapy, Plaintiff underwent a "Functional Capacity Examination" ("FCE") in December 2019.  The FCE revealed that Plaintiff was capable of working at a "medium Physical Demand Level (PDL)," meaning that he could lift no more than fifty (50) pounds.  *Id*. ¶ 15.  In January 2020, the City received documentation from Plaintiff's treating physician indicating that he had reached his "Maximum Medical Improvement."  *Id*. ¶ 16. In February 2021, Defendant Alexis Waiters, the City's Director of Human Resources, allegedly recommended that Plaintiff be terminated for his inability to perform the duties of his job.  *Id*. ¶ 17.

Immediately thereafter, on February 24, 2021, Plaintiff elected to undergo a second FCE. Sec. Am. Compl. ¶ 18.  This time, the physical therapist deemed him capable of performing work at a "medium plus" PDL.  *Id*. ¶ 19.  On March 19, 2021, despite this improvement, the City allegedly terminated Plaintiff's employment.  ECF No. 46-1, Ex. A ("Proposed TAC") ¶ 20.  And "despite assurances of accommodation and an alternate position commensurate with Plaintiff's physical capabilities," the City allegedly refused to allow Plaintiff to return to work.  Sec. Am. Compl., ¶¶ 20-23.  This pattern—Plaintiff requesting to return to work and being denied—continued, with Plaintiff's most recent request being denied on August 19, 2021.  *Id*. ¶ 47.

Plaintiff alleges that the City's refusal to allow him to return to work is "politically motivated," stemming from a "contentious history" between Plaintiff and Defendant Marty Small, Sr., the Mayor of Atlantic City. *Id.* ¶¶ 23-24. Among other slights, Plaintiff alleges that because he refused Defendant Small's request for Plaintiff's help in Small's 2020 reelection campaign, and was spotted associating with Defendant Small's opponent, Plaintiff was put "on [Defendant] Small's list of disfavored individuals." *Id.* ¶¶ 26, 31-33. Plaintiff alleges that Defendant Small issued a "discrete mandate to high-level Human Resources employees, including Defendant Alexis Waiters, to '[k]eep him out,'" and was "directly responsible for keeping Plaintiff from being permitted to return to work." *Id.* ¶¶ 38-39.

## **PROCEDURAL HISTORY**

On June 7, 2021, Plaintiff filed his first Verified Complaint in this action. *See* ECF No. 1. At its core, Plaintiff alleged that his termination and Defendants' refusal to allow him to return to work amounted to discrimination based on Plaintiff's political affiliation. More specifically, Plaintiff alleged a violation of his First Amendment Rights (Count I); *Monell* municipal liability (Counts II and III); Civil Conspiracy to Interfere with his Civil Rights (Count IV); Gross Negligence (Count V); Negligence (Count VI); a violation of the New Jersey Worker Freedom from Employer Intimidation Act, N.J.S.A. 34:19-9 *et seq.* (Count VII); Common Law Civil Conspiracy (Count VIII); and a violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c) (Count IX). *Id.*

Defendants responded by filing a motion to dismiss Counts III-VIII on July 29, 2021. *See* ECF No. 11. On August 19, 2021, in response to Defendants' motion and as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff filed his first Amended Complaint, which included all the same claims but amplified his allegations. *See* ECF No. 12. On September

10, 2021, Defendants responded by filing another motion, again seeking dismissal of Counts III-VIII.  *See* ECF No. 14.  After oral argument on the motion, the Court entered an order dismissing Counts IV, V, VI, and VII with prejudice and Counts III, VII, and VIII without prejudice.  *See* ECF No. 23.  The Court granted Plaintiff leave to file a Second Amended Complaint.  *Id.*

On March 25, 2022, Plaintiff filed a Second Amended Complaint, alleging a violation of his First Amendment Rights (Count I); *Monell* municipal liability (Counts II and III); Common Law Civil Conspiracy (Count IV); and a violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c) (Count V).  *See* Sec. Am. Compl.  On April 8, 2022, Defendants again responded by filing a motion to dismiss Counts III and IV of the Second Amended Complaint.  *See* ECF No. 25. On October 31, 2022, the Court entered an order dismissing Counts III and IV of the Second Amended Complaint with prejudice.  *See* ECF No. 30.  On November 28, 2022, Defendants filed their Answer to the Second Amended Complaint.  *See* ECF No. 33.  From there, the Court held an initial scheduling conference with the parties on January 13, 2023, and the case proceeded into discovery.  *See* ECF No. 39 ("Sched. Order").  On April 4, 2023, the Court extended the initial deadline for parties to amend pleadings from May 15, 2023, *see* Sched. Order ¶ 7, to June 30, 2023, ECF No. 44 ("Am. Sched. Order") ¶ 2.

On May 5, 2023, Michael Farhi, Esquire entered his appearance on behalf of Plaintiff.  *See* ECF No. 45.  A week later, on May 12, 2023, Plaintiff filed the present motion, seeking leave to amend the Second Amended Complaint.[1]  *See* Pl.'s Motion.  On May 22, 2023, Defendants filed an opposition brief.  *See* Defs.' Opp.  Plaintiff filed a reply brief on May 30, 2023.  *See* Pl.'s Reply.

---

[1]  Although Plaintiff describes this as a motion "seeking leave to file a Second Amended Complaint," ECF No. 48, Plaintiff actually seeks leave to file a *Third* Amended Complaint.

In the present motion, Plaintiff seeks to delete the two Counts dismissed by the Court with prejudice (Counts III and IV) to make the pleading "cleaner," and to add new Counts IV, V, and VI.  *See* ECF No. 46-1 (Certification of Michael Farhi, Esquire ("Farhi Certif.")) ¶¶ 1-2.  These new Counts allege violations of the New Jersey Law Against Discrimination ("LAD") for failure to accommodate, wrongful termination, and failure to train and supervise, respectively.  Proposed TAC ¶¶ 20-24.  Plaintiff alleges that his inability to return to work and subsequent termination amount to discrimination based on his disability.  *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.  "The function of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1473 (3d ed. 2019)).  A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).

The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings.").  Moreover, the Federal Rules instruct that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the Court may deny a motion for leave to amend in one of four instances:  (1) the amendment

would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir. 1993).

## DISCUSSION

Defendants argue that leave to amend should be denied on the grounds of futility, undue delay, and prejudice.  *See* Defs.' Opp. at 4, 15.  The Court addresses each of Defendants' arguments in turn below.

### I.      Futility

Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Accordingly, the futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).  Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff.  *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  Moreover, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

6

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

An amended pleading is also futile if the proposed claim is time-barred. *Martinez v. Safariland, LLC*, No. 21-12028, 2022 WL 3593893, at *2 (D.N.J. Aug. 22, 2022) (citing *Berk v. Hollingsworth*, No. 17-91, 2019 WL 6696288, at *2 (D.N.J. Dec. 9, 2019) (finding proposed amended complaint futile in part because the claims were "barred by the statute of limitations"); *Giordano v. W. Orange Bd. of Educ.*, Civ. No. 14-4202, 2016 WL 6090922, at *2 (D.N.J. Oct. 18, 2016) (denying motion for leave to amend complaint because proposed claims were time-barred). "When a party seeks to add a claim after the applicable period of limitations has run, the claim will be futile unless the Court determines that the claims relate back to the original Complaint." *Love v. Does*, No. 17-1036, 2020 WL 5760447, at *8-9 (D.N.J. Sept. 28, 2020) (citing *Costa v. J. Fletcher Creamer & Sons, Inc.*, No. 16-8492, 2018 WL 3756445, at *2 (D.N.J. Aug. 8, 2018)), aff'd sub nom. *Love v. Does 1-9*, No. 17-1036, 2021 WL 2134940 (D.N.J. May 26, 2021).

"[A]n amendment to a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Relation back requires that 'the already commenced action sufficiently embraces the amended claims.'" *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995)).  The "touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Id*. at 146 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)).  "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-

applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Id*. at 145 (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010)). However, an amendment "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Defendants argue that allowing Plaintiff to amend his complaint to include LAD claims would be futile because the claims are barred by LAD's statute of limitations.[2]  Defs.' Opp. at 4-5.  They argue that the LAD claims do not relate back to the date of the original complaint because they "change[] the entire theory of why [Plaintiff] was terminated." *Id*. at 15.  Plaintiff counters that the LAD claims should relate back to the date of the original pleading because they "arose out of the conduct, transaction or occurrence set forth . . . in the original pleading." Pl.'s Motion at 3 (quotation omitted).  Plaintiff notes that "[t]he factual recital of the original complaint remains virtually untouched in the proposed amended complaint"; therefore, Plaintiff's disability discrimination claims "could have been inferred from the facts of the original complaint." Pl.'s Reply at 3-4.

The Court finds Defendants' arguments unpersuasive.  Plaintiff's preexisting claims and proposed new claims all center around the same specific occurrence—the City's alleged refusal to return Plaintiff to work and his allegedly unlawful termination.  The factual allegations in the proposed third amended complaint are of the same "time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.  *Herrera v. Goya Foods, Inc.* is instructive here.  No. 21-11628, 2022 WL 16949129 (D.N.J. Nov. 14, 2022).  In *Herrera*, the original complaint asserted two

---

[2]  The LAD has a two-year statute of limitations. N.J.S.A. 10:5-12.11.  The parties do not dispute that Plaintiff's proposed LAD claims are untimely if they do not relate back to the date of the original Verified Complaint.

causes of action:  a violation of the Connecticut Wage and Hour Laws, Conn. Gen. Stat. Ann. § 31-58 *et seq.* and breach of contract.  *Id*. at *2.  The court held that because the original complaint "arose, in part, out of [the plaintiff's] allegedly unlawful termination," the plaintiff's proposed amendment adding a LAD discrimination claim "[arose] out of the same occurrence," and the plaintiff "demonstrated sufficient notice to Defendants of her new claim to avail herself of the relation back rule."  *Id*. at *7; *see also Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 859 (M.D. Pa. 2015) ("Here, the original complaint and the operative Amended Complaint reference the same specific event . . . and thus are of the same time."); *Costa*, 2018 WL 3756445, at *3 (holding that because the Fair Labor Act and LAD discrimination claims arose out of same conduct alleged in the initial complaint, the claims related back to that complaint).  Accordingly, Plaintiff's proposed amendment fits squarely within the bounds of Rule 15(c)(2).

Given that the new claims arise out of the same occurrence and the operative facts remain unchanged, the Court also finds that Defendants had fair notice of the new claims.  *See Saiyed v. Archon, Inc.*, No. 16-9530, 2017 WL 4881578, at *3 (D.N.J. Oct. 30, 2017) ("[E]ven though Plaintiff may be alleging a different interpretation of the facts, or that the facts give rise to a different claim, he will still be alleging the same facts which give rise to his original cause of action.  This is clearly sufficient to satisfy the doctrine of 'relation back.'").  For the foregoing reasons, the Court holds that Plaintiff's proposed amended claims relate back to the date of the original Verified Complaint and therefore, are not futile.

## II.      Undue Delay

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay.  In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted).

A delay becomes undue only when it places an "unwarranted burden on the court." *Id.*; *see also Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (citations omitted) ("[D]elay that is 'undue'— a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave."). The issue of undue delay requires focusing on the moving party's motives for not amending its complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). A motion for leave to amend may be denied if the moving party can offer "no cogent reason" for its delay in seeking the amendment. *Mullin*, 875 F.3d at 151 (quoting *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013)).

Here, Defendants argue that the Court should deny leave to amend because "Plaintiff has offered no reason whatsoever for the delay." Defs.' Opp. at 8. Plaintiff avers that the reason for the delay is the entry of new counsel. Michael Farhi, Esquire entered his appearance in this matter as co-counsel to the Lento Law Firm on May 5, 2023. ECF No. 45. In Plaintiff's reply brief in support of his motion, counsel represents: "Upon review of the complaint and the facts in this matter, the undersigned [Michael Farhi, Esquire], a seasoned employment law attorney, recognized that the facts give rise to numerous disability discrimination claims which should have been pleaded." Pl.'s Reply at 5. Plaintiff's counsel further represents: "Without casting any aspersions, the Lento Law Firm are criminal defense attorneys and were therefore unversed in the specifics of employment law. However, as soon as the undersigned came into the case as co-counsel, as a firm specializing in employment law, [Plaintiff's new counsel] immediately ascertained a disability discrimination claim." *Id*. The present motion was filed seven days after Mr. Farhi entered his appearance. *See* Pl.'s Motion.

10

The Court finds Plaintiff's explanation cogent and wholly reasonable.  *See Saiyed*, 2017 WL 4881578, at *3 (finding a delay of more than two years was not undue when the plaintiff obtained new counsel, who filed the motion to amend within a week of appearing in the case, which demonstrated "reasonable efforts" and good faith); *see also Vitaworks IP, LLC v. Qianjiang Yongan Pharm. Co.*, No. 16-5321, 2018 WL 10152229, at *2 (D.N.J. Nov. 5, 2018) ("With respect to delay and prejudice, new counsel has entered an appearance in the case, and it does make sense, as a practical matter, to allow an opportunity to plead Plaintiff's best case. . . . Allowing Plaintiff an opportunity to put before the Court its best pleading makes eminent sense, especially so early in the case and before discovery has started.").  Under the present circumstances, the amendment does not place an "unwarranted burden on the court."  *Cureton*, 252 F.3d at 273.  Although discovery has already started, Plaintiffs filed the present Motion on May 12, 2023, *see* ECF No. 46, within the time allowed by this Court's Amended Scheduling Order, which expired on June 30, 2023, *see* Am. Sched. Order ¶ 2.[3]  Accordingly, the Court finds that Plaintiff's delay in filing the Motion is not so protracted or unjustified that it has become undue.

### III.   Prejudice

"It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment."  *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823-24 (3d Cir. 1978) (citations omitted).  "In evaluating the extent of prejudice, courts may inquire into the hardship to the non-moving party if leave to amend is denied."  *Id.* (citations omitted).  The nonmoving party must "demonstrate that its ability to present its case would be seriously impaired were amendment allowed."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 489 (3d

---

[3] Because Plaintiff filed the present Motion in the time allowed by this Court's Order under Federal Rule of Civil Procedure 16, the Plaintiff need not meet the "good cause" requirement under that Rule.

Cir. 1990) (citations omitted).  Courts specifically consider whether an amended pleading would result in additional discovery, cost, or preparation to defend against new facts or theories.  *Cureton*, 252 F.3d at 273; *see also Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotation and citation omitted) ("Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.").  Merely "incidental prejudice" is an insufficient ground on which to deny leave to amend.  *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) (citation omitted).

Defendants argue that the "sudden and belated change will have a direct impact on Defendants' factual development and trial strategy," requiring them to "essentially start the discovery process anew."  Defs.' Opp. at 3, 16.  In response, Plaintiff argues that Defendants would suffer no prejudice by the amendment, noting that fact discovery is ongoing, and no depositions have been conducted to date.  Pl.'s Reply at 5.

According to the most recent Amended Scheduling Order in this matter, pretrial factual discovery remains open until January 17, 2024.  *See* ECF No. 60.  While the amendment may result in some additional discovery, Defendant has not argued that the amendment will be excessively costly.  Nor has Defendant argued that the amendment would result in the loss of evidence through time or faltering memory.  The Court finds that "Plaintiff's proposed amendments will not require Defendants to do anything more than the work normally required in preparing any lawsuit for trial."  *See Saiyed*, 2017 WL 4881578, at *2 (noting that "discovery remains open, and the parties are expected to continue to use the tools of discovery to obtain evidence in support of their case"); *see also Smart v. Cnty. of Gloucester*, No. 20-12408, 2022 WL 37417, at *7 (D.N.J. Jan. 3, 2022) (finding no prejudice, despite the case pending for multiple

years, in part because "discovery remains open").  Accordingly, the Court finds that Defendants have failed to satisfy their burden of demonstrating that they will be seriously impaired in their ability to litigate this case should the amendment be granted.

The Court also rejects Defendants' argument that they will have to start discovery anew. As discussed in the Court's relation back analysis, the proposed claims involve the same operative facts, and therefore, much of the necessary discovery will overlap.  *See Conrad v. Lopez De Lasalle*, No. 21-8462, 2023 WL 4534110, at *7 (D.N.J. July 12, 2023) ("The proposed amendment will not significantly expand the scope of this litigation, as the proposed claim against the new defendants arises from a similar set of facts . . . already at issue in this case.  The proposed cause of action will therefore require similar, if not the same, discovery as the discovery already being conducted.").

Because granting Plaintiff leave to file a Third Amended Complaint would not cause Defendants to suffer excessive cost or difficulties proceeding in this matter, the Court finds that the proposed amendment is not unduly prejudicial.[4]  Accordingly, Plaintiff's motion for leave to file a Third Amended Complaint is **GRANTED**.

## CONCLUSION AND ORDER

For the reasons stated above, and for good cause shown;

**IT IS** on this **22nd day of November 2023**,

**ORDERED** that Plaintiff's motion for leave to file a Third Amended Complaint, ECF No. 46, is **GRANTED**; and it is further

---

[4]  The Court further notes that the present Motion was timely filed under the then-effective Amended Scheduling Order, ECF No. 44.  Although the amendment will require some different or additional discovery than the parties contemplated when discovery began, the fact that the present Motion was timely under this Court's Order supports Plaintiff's argument that only an incidental burden will result from the amendment.

**ORDERED** that Plaintiff shall file the Third Amended Complaint within seven (7) days of this Order.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

14